February 19th, 1912.

———o———

5493.

(Court of Appeal, Parish of Orleans.)

## JOHN B. CLARK vs. FRANK HARVEY.

1. An appellate Court will not heed an appeal to its discretionary powers when the effect of granting the relief prayed for would be to suspend indefinitely without affidavit, injunction or bond, the execution of a valid judgment.
2. The published statutes of other States shall be received in the Courts of this State as *prima facie* evidence of the statute laws of the States from which they purport to emanate.
3. The issues of fact herein are resolved against defendant.

Appeal from the Civil District Court, Division "B."

A. J. Rossi, for plaintiff and appellee.       ......

W. V. Seeber, and Sol. Wolff, for defendant and appellant.

DUFOUR, J.—The defendant and appellant presents a motion in this Court asking that the trial here be postponed until the present plaintiff has appeared and answered in a suit instituted below to annul the judgment appealed from and now under consideration.

It is alleged that the plaintiff is a resident of Mississippi and could not be found in Louisiana and has never been cited in the suit to annul, which, under the law, must be brought in the Court which rendered the judgment attacked.

The request is a most extraordinary one and carries with it the assumption that we may, without affidavit, injunction or bond, suspend for an indefinite period and until a party can be cited personally or constructively, the execution of a valid executory judgment.

Neither law or equity can justify an appellate Court in so stretching its discretionary prerogatives as to grant the relief prayed for.

The suit is on a note executed in Mississippi, bearing 10 per cent. interest and 15 per cent. attorney's fees, to which the defendant answered that he had long since liquidated the debt.

He fails to prove the defense; the evidence he introduces shows that the land transactions referred to were not in payment of, but as security for the debt, and it further appears that he has received in the judgment all the credits to which he is entitled.

The note was offered and filed in evidence, the chapter

of the Mississippi Code relative to the rate of interest of that State was offered under Section 1440 R. S. of Louisiana and shows 10 per cent. to be the proper rate, and plaintiff's proof is complete.

Due to the fact that two cases between the same defendants were tried simultaneously below, there was a clerical error allowing interest herein from October 20th, 1906, instead of from March 4th, 1907.

But as no attempt was made to correct the error below we shall not charge appellee with costs of appeal.

The judgment is amended by allowing interest from March 4th, 1907, and, as amended, affirmed, defendant to pay cost of both Courts.

February 19th, 1912.

————o————

5496.

(Court of Appeal, Parish of Orleans.)